ALLEN v. FOER.

No. 4920.

Court of Appeals of District of Columbia.

Submitted March 4, 1930.

Decided April 7, 1930.

C. R. Heflin and F. B. Potter, both of Washington, D. C., for plaintiff in error.

Abe Shefferman and M. H. Aronson, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GORDON, Associate Justice of the Supreme Court of the District of Columbia.

VAN ORSDEL, Associate Justice.

This case is here in error to the Municipal Court of the District of Columbia from a judgment on a promissory note.

A copy of the note was set forth as a bill of particulars; and upon identification and proof of the note, plaintiff rested his case. Defendant testified that the note was given in payment of an account held by the Foer Wall Paper Company against one Bishop, upon condition that it should be held as security for the payment of the claim until a legal action was brought against Bishop for the recovery of the balance due on his account. In the event of the recovery of the account against Bishop, the note was to be returned to the defendant. No legal action was ever instituted against Bishop.

On this testimony the court ruled that evidence could only be given affecting the consideration for the note, and struck out two paragraphs of defendant's affidavit of defense. One of these challenged the right of plaintiff, Frank Foer, to maintain a suit on the note, inasmuch as the note was payable to

the Foer Wall Paper Company, and no assignment or indorsement of the note had been made to the plaintiff. We think it was error to strike out this defense, even though the plaintiff testified that "he is trading as the Foer Wall Paper Company."

It is alleged that this company was at one time incorporated under the laws of the state of Virginia, and did business in this city as such corporation. It was therefore competent to inquire into the right of the plaintiff to maintain this action in his own name instead of in the name of the company. This defense is a well-recognized one for the protection of the defendant against another suit by the real owner of the note, since a plea of former recovery by another would be no bar to a suit by the owner.

We are further of the opinion that the unchallenged testimony of the defendant as to the circumstances under which the note was given, conditioned upon the bringing of suit against Bishop on default of payment of his account, and the failure to bring such suit constitutes, if true, a valid defense. This alleged agreement did not change the terms of the written instrument, but it tended to establish by extraneous evidence the conditions under which the instrument was given, and the consideration therefor. The fact that defendant originally may have promised to pay the account on default of Bishop is not conclusive of the terms upon which the note may afterwards have been given. The terms stipulated when the note was given are conditions and circumstances upon which proof may be adduced.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.